FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 20 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LAQUAN D. HARRIS,

                Plaintiff,

      -against-

JOHN A. SCOLA,

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-5059 (AMD) (LB)

ANN M. DONNELLY, District Judge:

    The *pro se* plaintiff, LaQuan D. Harris, filed this action seeking damages related to a dispute with an attorney. The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

### STANDARD OF REVIEW

    Under 28 U.S.C. § 1915(e)(2)(B), a district court will dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

    A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints are held to less stringent standards than pleadings prepared by attorneys; the court must read a *pro se* litigant's complaint liberally

1

and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

The plaintiff alleges that he met with Mr. Scola in 2016 to discuss a lawsuit against the City. (ECF No. 1 at 5.) During the meeting, Mr. Scola had the plaintiff sign a retainer agreement and took all of his original legal documents. (*Id.* at 4-5.) According to the plaintiff, Mr. Scola never returned the documents. (*Id.*) The plaintiff claims that Mr. Scola's conduct infringed on his privacy and caused him pain and suffering. (*Id.* at 6.)

The plaintiff must establish that the district court has subject matter jurisdiction over the case. *See, e.g., Rene v. Citibank NA*, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The parties cannot waive subject matter jurisdiction, and they, or the court, may raise jurisdictional challenges at any time. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If subject matter jurisdiction is lacking, the district court must dismiss the complaint without regard to the merits of the lawsuit. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996).

Federal subject matter jurisdiction exists only when a "federal question" is presented under 28 U.S.C § 1331, or, as provided in 28 U.S.C. § 1332, where the plaintiffs and all the defendants are citizens of different states and the amount in controversy exceeds $75,000. *Rene*, 32 F. Supp.2d at 542. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks and citations omitted).

The federal court does not have jurisdiction over the plaintiff's claims. His claims against Mr. Scola are not federal claims; they are state law claims. A federal court cannot hear

2

state law claims unless the parties are citizens of different states, and the amount in controversy exceeds $75,000—in other words, if there is diversity jurisdiction. Here, the parties are all New York State citizens. (ECF No. 1 at 2.)

The plaintiff fails to present a federal question because the factual allegations in the complaint amount to a claim for legal malpractice, which is a matter of state law over which this Court does not have federal question jurisdiction. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) ("Whatever cause of action [the plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter."); *see also Chery v. Law Office of Felix Kozak, P.C.*, No. 11-CV-3471, 2011 WL 4056069, at *2 (E.D.N.Y. Aug. 28, 2011) (federal district courts do not have subject matter jurisdiction over legal malpractice claims) (internal citations omitted).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice to bring them in the proper state court or administrative agency. The Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this order. The amended complaint must allege claims arising under federal law, or, if under state law, the amended complaint must include allegations that the parties are citizens of different states, and that the amount in controversy exceeds $75,000. If the plaintiff fails to file an amended complaint within 30 days, the complaint will be dismissed and judgment will enter. No summonses will issue at this time, and all further proceedings will be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
September 19, 2019